## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **RICARDO ALDAPE,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **v.** } | **Case No.:  2:24-cv-00387-RDP** |
| } | |
| **HALLMARK HOLDINGS, LLC, et al.,** } | |
| } | |
| **Defendants.** } | |
| } | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion to dismiss filed by Defendants RNR Sushi

Birmingham, LLC ("RNR Sushi"), Lauren Garrett ("Garrett"), and Treasha Reaves ("Reaves")

(hereinafter referred to collectively as "Defendants"). (Doc. # 8). This Motion is fully briefed.

(Docs. # 10, 11). For the reasons discussed below, the motion is due to be denied, and the court

directs Plaintiff to amend his Complaint to allege his FLSA claims with a sufficient amount of

specificity.

## BACKGROUND

In his Complaint (Doc. # 1), Plaintiff Ricardo Aldape ("Plaintiff") claims that he is a former

employee of Defendants who was protected by the FLSA as an hourly employee entitled to

overtime pay. (*Id.* ¶¶ 32-35). Plaintiff asserts he worked as a chef and he was not a manager, did

not supervise employees, did not have the authority to hire employees, did not have the authority

to terminate employees, and performed only manual labor rather than administrative paperwork.

(*Id.* ¶¶ 32-39, 47). According to the Complaint, Plaintiff was hired by Defendants in January 2018

and was not required to fill out an employment application or a present USCIS Form I-9. (*Id.* ¶¶

40-42). The statutory period for Plaintiff's allegations is from May 5, 2021 to May 5, 2023. (*Id.* ¶

44). Plaintiff alleges that "[d]uring the three years preceding his termination, Aldape worked over

forty hours in a work week." (*Id.* ¶ 58). He also alleges that he would "regularly" be "scheduled" to work for Defendants six days a week for about 70.5 hours per week. (*Id.* ¶¶ 47, 59). He also alleges that he "regularly took a 2-hour break on each day he worked." (*Id.* ¶ 60). Plaintiff further alleges that Defendants did not compensate Plaintiff with overtime pay, calculated at one and one-half times his regular hourly rate for his hours worked over forty per week. (*Id.* ¶ 61). But Plaintiff has not alleged the dates of any specific workweek in which he worked 70.5 hours.

Plaintiff's Complaint asserts violations of the Fair Labor Standards Act ("FLSA"). (Doc. # 1 ¶ 1). Plaintiff filed suit against seven Defendants:

(1) the restaurant RNR Sushi Hoover;

(2) the restaurant RNR Sushi Birmingham;

(3) the restaurant RNR Sushi Tuscaloosa;

(4) Ryan Hallmark, an owner and operator of RNR Sushi Hoover, RNR Sushi Birmingham, and RNR Sushi Tuscaloosa;

(5) Odie Hallmark, an owner and operator of RNR Sushi Tuscaloosa;

(6) Treasha Reaves, an owner and operator of RNR Sushi Hoover and RNR Sushi Birmingham; and

(7) Lauren Garrett, an owner and operator of RNR Sushi Hoover and RNR Sushi Birmingham. (*See* Doc. # 1 ¶¶ 6, 9, 15-16, 21-22, 24-25).

Plaintiff asserts only one count (FLSA Overtime Violation) against each Defendant, and claims that Defendants are engaged in interstate commerce, have two or more employees, and their gross annual revenue exceeding $500,000. (Doc. # 1 ¶ 129-131). Plaintiff further asserts that Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to document all hours worked by Plaintiff and failing to compensate Plaintiff at the premium overtime rate required for his hours worked above forty. (*Id.* ¶ 132-135).

Three of these defendants (RNR Sushi Birmingham, Garrett, and Reaves) filed a Motion to Dismiss, arguing that Plaintiff's Complaint fails to allege a claim against them with adequate specificity as to the pay practices, workweeks, or damages at issue. (*See* Doc. # 8 at 1). They further argue that Plaintiff has failed to state a claim under the FLSA because he never alleged that he worked in excess of forty hours in at least one specific workweek. (Doc. # 8 at 6).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not satisfy Rule 8, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires a plaintiff to allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295

3

(11th Cir. 2007). In addition, "a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (per curiam) (citations and internal quotation marks omitted). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the court determines that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the claims are due to be dismissed. *Id.* at 570.

## DISCUSSION

Plaintiff asserts that all Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to document all hours worked by Plaintiff and failing to compensate Plaintiff at the premium overtime rate required for his hours worked above forty in a work week. (*Id.* ¶ 132-35).

The FLSA requires covered employers to pay non-exempt employees the minimum wage, 29 U.S.C. § 206(a), and overtime pay for hours worked in excess of forty per workweek, *id.* § 207(a)(1). Pursuant to § 207 of the FLSA, "an employer may not employ his employee for a workweek longer than forty hours unless his employee receives overtime compensation at a rate not less than one and a half times his regular rate." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007) (citing 29 U.S.C. § 207(a)(1)).

The three defendants who filed this Motion to Dismiss argue that Plaintiff's Complaint should be dismissed because it fails to make specific allegations against them as to the pay practices, workweeks, or damages at issue. (*See* Doc. # 8 at 1). They argue that Plaintiff did not make allegations "specific to any particular Defendant," and his Complaint "does not indicate during which time period he worked for which Defendant and what amount he was being paid."

(*Id.* at 3-4). Defendants further assert that certain "facts cannot be applicable to RNR Sushi Birmingham because the limited liability company was not formed until June 10, 2021," and that Plaintiff was only employed "as an independent contractor" by Defendants "for approximately four (4) months." (*Id.* at 4). Plaintiff responds that he properly "alleged an integrated enterprise between the Defendants" (Doc. # 10 at 11) (citing Doc. # 1 at ¶¶ 106-16), and that he also alleged that "the individual Defendants were his joint employers since each controlled and oversaw his employment, schedule, pay, and location of work." (*Id.* at 11). As to the Defendants' assertion that Plaintiff was an independent contractor, Plaintiff points out that he "alleged that the Defendants provided the tools and equipment needed to work as a chef and provided training, directions, and supervision." (Doc. # 10 at 10) (citing Doc. # 1 at ¶¶ 66-67). Defendants reply that Plaintiff has not presented any evidence that Defendants have any ownership interest in other RNR Sushi locations and argue, once again, that RNR Sushi Birmingham did not exist in 2018 when Plaintiff alleges to have worked for it. (Doc. # 11 at 3).

Finally, Defendants contend that Plaintiff has failed to state a claim under the FLSA because he has not plausibly alleged that he worked in excess of forty hours in at least one workweek. (Doc. # 8 at 6). Plaintiff responds that his Complaint was even more detailed than the complaint that passed muster in the Eleventh Circuit case *Secretary of Labor v. Labbe*, 319 Fed. App'x 761 (11th Cir. 2008). And, Plaintiff argues, even under subsequent precedents, like *Cooley v. HMR of Ala.*, 259 F. Supp. 3d 1312 (N.D. Ala. 2017), he has sufficiently pleaded an FLSA overtime claim. (Doc. # 10 at 11-12). Defendants reply that because Plaintiff alleges that he regularly took two hour breaks each day, his total hours worked per week would not have been 70.5, but instead would have been 58.5, and that given that Plaintiff was paid $1,320 per week, this rate was more than the minimum wage and overtime pay required under the FLSA. (Doc. # 11 at 5).

The court analyzes each issue below.

**1.      Allegations Specific to Each Defendant**

Plaintiff alleges that Defendants are an integrated enterprise (Doc. # 1 ¶¶ 106-16), but Defendants argue that Plaintiff's Complaint is not well pleaded because it does not specifically allege how each Defendant violated the FLSA overtime provisions. (Doc. # 11 at 2-3). The integrated enterprise theory is relevant to determining whether Defendants are covered "employers;" however, it is inapplicable to the question of whether, and to what extent, each Defendant is liable for any underpayment of wages to Plaintiff. *Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986); *see also Cornell v. CF Center, LLC*, 410 Fed. App'x 265, 267 (11th Cir. 2011) ("The enterprise and liability analyses are distinct."). Therefore, to properly plead an FLSA violation against each Defendant, Plaintiff must specify how each Defendant has individually violated the FLSA overtime provisions. Plaintiff has not done so.

Plaintiff instead has made non-specific allegations such as "Plaintiff was an hourly employee of the Defendants" (Doc. # 1 ¶ 33), "Defendants hired Aldape in January 2018" (*id.* ¶ 40), "Defendants regularly scheduled Aldape to work as follows [listing the 70.5 hours per week Plaintiff allegedly worked]" (*id.* ¶ 59), and "Defendants did not render Aldape additional compensation . . . including overtime" (*id.* ¶ 61). Because, even based on Plaintiff's allegations, each Defendant appears to be a separate franchise or franchise owner, Plaintiff must plead how each Defendant is separately liable, including alleging the specific dates on which Plaintiff worked for each Defendant, the hours he worked, and the amounts that each Defendant paid (or underpaid) to Plaintiff.

**2.      Status as Employee**

Plaintiff has sufficiently alleged that he was an employee, and not an independent contractor. An independent contractor is not entitled to the overtime protection of the FLSA. 29

U.S.C. § 201 *et seq.* To determine whether a plaintiff is an employee or an independent contractor, courts consider the "economic reality" of the relationship between employer and alleged employee "and whether that relationship demonstrates dependence." *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). There are six factors that guide this inquiry:

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; [and] (6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Id.* Although these six factors guide the inquiry, the "overwhelming focus of the inquiry is economic dependence." *Id.* at 1312. Economic dependence occurs when a worker is "dependent upon finding employment in the business of others," and is not "in business for himself." *Mednick v. Albert Enters., Inc.*, 508 F.2d 297, 301-02 (5th Cir. 1975).

Here, Plaintiff's allegations are plausible and allege that Plaintiff was an employee. Plaintiff asserts that "Defendants classified the Plaintiff as a non-exempt employee" (Doc. # 1 ¶ 35), and that "Plaintiff was not a manager and did not supervise employees as part of his duties." (*Id.* ¶ 36). These allegations relate to the second factor because Plaintiff has alleged he lacked any "managerial skill," as well as to the fourth factor, "whether the service rendered requires a special skill." Plaintiff also alleges that his "labor performed for the Defendants' benefit was entirely manual in nature and consisted of little or no administrative paperwork." (*Id.* ¶ 39). These allegations relate to the first factor because Plaintiff has alleged the high level of control that an employer would have exercised over an employee who was only doing "manual" labor. Similarly, Plaintiff has alleged that "[h]is work location was dependent upon store needs" (*id.* ¶ 49), indicating a low level of control over where he worked. Plaintiff's allegations that "Defendants provided all the tools, equipment, and materials necessary for Plaintiff to perform his duties" (*id.*

¶ 65) and that "Defendants provided instructions, directions, training, and supervision to the Plaintiff" (*id.* ¶ 66) go to the first and third factors. Regarding the first factor, these allegations indicate that Plaintiff had a low level of control over the manner of his work. Regarding the third factor, these plausible allegations indicate that Plaintiff did not invest in equipment or materials for his work task, but instead was given them by his employer.

Taken together, these allegations claim that Plaintiff was in "economic dependence" on his employer and was not in business for himself as an independent contractor.

### 3.    Pleading Standard for FLSA Overtime Claim

The parties disagree about whether the proper standard for FLSA pleading is that from *Labbe*, 319 Fed. App'x 761 (11th Cir. 2008), which was decided after *Twombly* but before *Iqbal*, or that from *Cooley v. HMR of Ala., Inc.*, 259 F. Supp. 3d 1312 (N.D. Ala. 2017), which was decided after *Iqbal*.[1] (*See* Docs. # 8 at 6; 10 at 6). *Labbe* was an unpublished Eleventh Circuit opinion that held that a complaint was well pleaded because it alleged that a covered employer "repeatedly violated stated provisions of the FLSA by failing to pay covered employees minimum hourly wages and to compensate employees who worked in excess of forty hours a week at the appropriate rates." *Labbe*, 319 Fed. App'x at 763. The complaint further alleged that the employer

---

[1] The court is aware that *Cooley* later made its way to the Eleventh Circuit on a pleading issue, albeit in a different posture. In the 2017 *Cooley* opinion cited above, the district court granted a motion to dismiss as to the plaintiffs' FLSA overtime claims, but allowed the plaintiffs the opportunity to file an amended complaint. *See Cooley*, 259 F. Supp. 3d at 1323. Once the plaintiffs filed their amended complaint, which listed specific dates of work weeks in which plaintiffs alleged they worked more than forty hours, the district court dismissed all claims in the complaint. *Cooley v. HMR of Ala., Inc.*, 2018 WL 497074, at *6 (N.D. Ala. Jan. 22, 2018).

On appeal, the Eleventh Circuit reversed and remanded in part, holding that in the *amended* complaint, the plaintiffs had pleaded their overtime claims with sufficient specificity. *Cooley v. HMR of Ala., Inc.*, 747 Fed. App'x 805, 807 (11th Cir. 2018). Specifically, the amended complaint named specific dates of work weeks on which each plaintiff alleged to have worked over forty hours for no overtime pay. *Id.*; *see also, e.g.*, First Amended and Restated Complaint ¶¶ 73, 85, 97, 109, 121, 145, 157, 169, 181, 193, 205, 217, 229,241, 253, 265, 277, 289, 301, 313, 325, 337, 349, 361, 373, etc., *Cooley v. HMR of Ala., Inc.*, 2018 WL 497074 (N.D. Ala. Jan. 22, 2018) (No. 4:16-cv-01432), ECF No. 40. Because the amended complaint in *Cooley* pleaded with more specificity than the original complaint that plaintiffs had worked over forty hours in workweeks during the timeframe at issue, the district court's dismissal was in error. This Eleventh Circuit ruling supports the court's determination that Plaintiff must plead at least one week in which he worked more than forty hours and was not paid overtime.

had "failed to keep appropriate records of the 'wages, hours and other conditions and practices of employment maintained by it' as required by law." *Id.* at 763-64.

*Cooley*, on the other hand, noted that "*Labbe* is an unpublished opinion and therefore not binding on this Court . . . . Further, *Labbe* was decided prior to *Iqbal*." *Cooley*, 259 F. Supp. 3d at 1318. The *Cooley* court summarized precedent from other circuit courts and found these precedents "persuasive." *Id.* at 1319. *Cooley* then held that to plead a claim for failure to pay overtime under the FLSA, a plaintiff "must provide sufficient factual allegations to support a reasonable inference that they worked more than forty hours in at least one workweek and that the Defendant failed to pay the requisite overtime premium for those overtime hours." *Id.* One of the precedents that *Cooley* cited was *Lundy v. Catholic Health Systems of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013), which determined that "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114.

The court agrees with Defendants that *Labbe* does not provide the rule here. District courts are not bound by unpublished circuit court opinions. *See* U.S. Ct. of App. 11th Cir. Rule 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). Although the court is not aware of any published Eleventh Circuit opinion on the pleading standards required of an FLSA overtime claim such as this one, there are several recent district court opinions that align with one another and this court finds those decisions persuasive. In addition to *Cooley*,[2] *Beck v. Financial Technology Corp.* held that an FLSA overtime claim was due to be dismissed where a Plaintiff merely alleged that she "frequently worked in excess of 40

---

[2] The court does not intend to suggest that *Cooley* is by any means a bellwether decision. This is particularly so given the lack of clarity as to how the amended complaint language should inform the initial complaint's language. *See Cooley v. HMR of Ala.*, 747 Fed. App'x 805, 807 (11th Cir. 2018) (holding that "list[ing] the weeks each employee claims to have worked more than 40 hours . . . . [can] 'plausibly suggest' that they are entitled to relief under the FLSA"). Indeed, as further discussed above, *Cooley* is just one example among many of district courts and circuit courts upholding a certain level of specificity for FLSA overtime claims.

hours per week." 2017 WL 5668388, at *6 (N.D. Ala. Nov. 27, 2017). *Stafflinger v. RTD Constructions, Inc.* similarly dismissed an FLSA overtime claim where "Plaintiff never actually allege[d] that he ever worked in excess of 40 hours in a workweek while employed by Defendant." 2015 WL 9598825, at *2 (M.D. Fla. Dec. 14, 2015), *report and recommendation adopted*, 2016 WL 48110 (M.D. Fla. Jan. 5, 2016). And, in *St. Croix v. Genentech, Inc.*, the court dismissed an FLSA overtime claim where Plaintiff alleged only that "'at all material times hereto' she worked in excess of forty hours per work week." 2012 WL 2376668, at *1 (M.D. Fla. June 22, 2012).

Several circuit courts have applied this standard while reviewing the pleading of FLSA overtime claims. *See Hall v. DIRECTV, LLC*, 846 F.3D 757, 777 (4th Cir. 2017) (holding that plaintiffs must allege more than that they "regularly worked in excess of forty hours per week," but acknowledging that plaintiffs can meet this standard by "estimating the length of her average workweek during the applicable period and the average rate at which she was paid") (internal quotation removed); *Pruell v. Caritas Christi*, 678 F.3d 10, 13-14 (1st Cir. 2012) (holding insufficient plaintiffs' allegation that they "regularly worked hours over 40 in a week and were not compensated for such time," *id.* at 13); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114-15 (2d Cir. 2013) (holding insufficient plaintiffs' lack of allegations of "a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours," *id.* at 114); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89-90 (2d Cir. 2013) (holding insufficient plaintiff's allegation that in "'some or all weeks' she worked more than 'forty hours' a week without being paid" overtime, *id.* at 89).

Therefore, to sufficiently plead a failure to pay overtime under the FLSA, Plaintiff must allege either a specific week in which he worked more than forty hours and was not compensated with overtime pay, or the length of his average workweek and the regular rate at which he was paid. Plaintiff's Complaint alleges neither. Indeed, Plaintiff only alleges that "[f]rom May 5, 2021,

to May 5, 2023, Defendants regularly scheduled [Plaintiff] to work as follows," including a table listing the estimated hours per day that Plaintiff worked. (Doc. # 1 ¶ 59). These hours add up to "70.5" according to Plaintiff, although Plaintiff notes he "regularly took a 2-hour break on each day he worked." (*Id.* ¶¶ 59-60). Further, Plaintiff alleges that "[d]uring the three years preceding his termination, [he] worked over forty hours in a work week" (*Id.* ¶ 58). Plaintiff does not allege a specific week in which he worked more than forty hours and was not compensated with overtime pay.

Further, although Plaintiff does allege the length of his average workweek, he does not allege the regular rate at which he was paid. Plaintiff merely lists his daily and weekly rate of pay for time periods covered by the Complaint (from May 5, 2021 to October 31, 2022; from November 1, 2022 to December 31, 2022; and from January 1, 2023 to May 5, 2023). (*Id.* ¶¶ 50-56). Plaintiff also alleges that "Defendants and Aldape never discussed an hourly rate," (*id.* ¶ 45).

The "regular rate" under the FLSA is an hourly rate. *Perez v. Owl, Inc.*, 110 F.4th 1296, 1307 (11th Cir. 2024) (citing *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945)). Although, at the very least, the regular rate must be at the minimum wage, *id.*, Plaintiff has not alleged that he was paid less than the minimum wage. Therefore, Plaintiff's pleading is devoid of any allegations as to what Plaintiff's regular rate actually was. Plaintiff's Complaint lacks plausible allegations that Defendants failed to pay Plaintiff overtime pay. Based on Plaintiff's current pleadings, it is certainly possible that the rates at which he was paid were compliant with the FLSA. Rather than forcing the court or Defendants to calculate what Plaintiff's regular rate might have been, the court will give Plaintiff an opportunity to replead through an amended complaint.

Finally, the court notes that Defendants are incorrect in their conflation of the minimum wage and overtime pay provisions of the FLSA. Although minimum wage is, of course, the

minimum regular rate a covered employee must be paid, it is possible for an employee who is paid a regular rate higher than minimum wage to claim an FLSA overtime violation. Therefore, Defendants' argument that Plaintiff's salary indicates he was paid enough to satisfy a regular rate and an overtime rate if he were paid minimum wage would only absolve Defendants of liability if Plaintiff were paid minimum wage. Again, however, because Plaintiff's hourly wage is not clear from the allegations made in his Complaint, Plaintiff has failed to state a claim with sufficient specificity.

### 4. Leave to Amend

Federal Rule of Civil Procedure 15 requires the court to "freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A court may consider several factors when deciding whether to grant a motion to amend, including undue delay, bad faith or dilatory motive[,] . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (internal quotation omitted). Plaintiff has made an *informal* request that, if the court determines that the Complaint fails to state a claim with sufficient specificity, the court grant leave to amend the Complaint. (Doc. # 10 at 17-18).

His Complaint was originally filed in March 2024, and after the instant Motion to Dismiss was filed in June 2024, Plaintiff's Response was filed less than three weeks later. There is no evidence of undue delay or bad faith here, and Defendants have not voiced any opposition to Plaintiff's request for the alternative relief of leave to amend. (*See* Doc. # 11). Further, as this would be Plaintiff's first opportunity to amend the Complaint, this is not a case of "repeated failure to cure deficiencies." *Perez*, 774 F.3d at 1340. Therefore, the court concludes Plaintiff should be given leave to Plaintiff to amend his Complaint.

## <u>CONCLUSION</u>

For the reasons discussed above, the motion to dismiss (Doc. # 8) is **DENIED WITHOUT PREJUDICE**. On or before October 22, 2024, Plaintiff **SHALL** amend his Complaint to sufficiently allege his FLSA claims.

**DONE** and **ORDERED** this October 7, 2024.

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE